IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CAROLYN SUE STAUBER,

                     Plaintiff,

v.

PER MAR SECURITY AND RESEARCH CORP.,[1]

                     Defendant.

ORDER

20-cv-775-jdp

---

Plaintiff Carolyn Sue Stauber, appearing pro se, alleges that she was fired from her job at defendant Per Mar Security and Research Corp. after she complained about harassment by a male employee. Per Mar has filed a motion asking this court to compel arbitration of Stauber's claims under the Federal Arbitration Act (FAA), 9 U.S.C. § 1, et. seq., and to dismiss or stay this lawsuit.

Under the FAA, the court will compel arbitration if (1) a valid agreement to arbitrate exists; (2) the dispute falls within the scope of that agreement; and (3) plaintiff has refused to proceed to arbitration on that agreement. *See Zurich Am. Ins. Co. v. Watts Indus.*, 466 F.3d 577, 580 (7th Cir. 2006). Per Mar says that Stauber signed a "Dispute Resolution and Arbitration Agreement," Dkt. 10-1, under which Stauber agreed to arbitrate any claims against Per Mar related to her employment. Stauber argues that the arbitration agreement was voided by her termination, and that it is invalid or unconscionable. Under the "savings clause" of the FAA, 9 U.S.C. § 2, an arbitration agreement may be invalid if it fails to satisfy "generally applicable contract defenses, such as fraud, duress, or unconscionability." *Epic Sys. Corp. v. Lewis*, 138 S.

---

[1] Stauber names defendant as "Per Mar Security Services" in her complaint. Per Mar identifies its full name as Per Mar Security and Research Corp. I have amended the caption accordingly.

Ct. 1612, 1622 (2018) (internal quotations omitted). To determine whether an arbitration agreement is enforceable, the court looks to the state law that governs contract formation, *Koveleskie v. SBC Capital Mkts., Inc.*, 167 F.3d 361, 367 (7th Cir. 1999), which in this case is Wisconsin.

If Stauber argued only that the arbitration agreement was voided by her termination, I would grant Per Mar's motion because the agreement says that the arbitrator should resolve that type of dispute. *See Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010) ("We have recognized that parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy."). The agreement here states that "[t]he arbitrator has exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement, including but not limited to, any claim that any part of this Agreement is unenforceable, void, or voidable." Dkt. 10-1, at 5.[2]

But Stauber also challenges the validity of the agreement itself. Per Mar argues that this is another issue that the parties have already agreed to send to the arbitrator, citing *Rent-A-Center's* discussion of parties agreeing to arbitrate "gateway" issues. But the alleged problem here is more fundamental: I take Stauber to be saying that she did not agree to arbitration in the first place, and that Per Mar used fraudulent means to get her to sign the agreement. In her complaint, Stauber says, "E.E.O.C. discovered arbitration in my employee file, I don't know what it is, or what clauses, I have no copy. No one ever said I'm signing constitutional rights away, or right to jury trial. I'm pleading 'unconscionable.'" Dkt. 1, at 3.

---

[2] All citations to pages of the arbitration agreement are to the internal pagination of the document itself.

And in her response to Per Mar's motion, Stauber says, "December 2020 was the first time I read this Arbitration Agreement. I request this investigated and opposing party to produce original size. I would have seen this in big print in pre employment paperwork. This is fraudulent document misrepresentation. We are in court, be honest." Dkt. 11, at 1.

Stauber does not appear to dispute that she signed page 5 of the agreement produced by Per Mar. And under Wisconsin law, the general rule is that absent fraud, a party who signs a contract after a fair opportunity to read the contract is bound by its terms. See *Raasch v. City of Milwaukee*, 2008 WI App 54, ¶ 10, 310 Wis. 2d 230, 750 N.W.2d 492; *Bank of Sun Prairie v. Esser*, 155 Wis. 2d 724, 732–34, 456 N.W.2d 585, 588–90 (1990). Nonetheless, I must read Stauber's pro se filings generously, *see Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017), and her allegations raise a plausible concern that the signed agreement was a product of fraud. Under *Rent-A-Center*, "If a party challenges the validity . . . of the precise agreement to arbitrate at issue, the federal court must consider the challenge before ordering compliance with that agreement." 561 U.S. at 71.

I cannot resolve the motion to compel arbitration without more evidence from the parties about the circumstances under which Stauber signed the agreement. So I will direct the clerk of court to schedule a hearing at which Stauber may explain in more detail how the arbitration agreement was presented to her and why she was unaware of the language in that document. Per Mar may also call witnesses to present its version of events. The parties may present any other relevant evidence they have.

ORDER

IT IS ORDERED that the clerk of court is directed to schedule a hearing on defendant's motion to compel arbitration.

Entered April 27, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge